# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DUANE OLBINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CCB CREDIT SERVICES, INC., <br><br> Defendant. | Case No.: 17-cv-281 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Duane Olbinski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely personal credit card account debts.

5. Defendant CCB Credit Services, Inc. ("CCB") is an Illinois corporation with its principal place of business located at 5300 S. 6th St., Springfield, IL 62703.

6. CCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. CCB is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CCB is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about August 25, 2016, CCB mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "ATIRA CREDIT." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

9. The alleged debt identified in <u>Exhibit A</u> is a credit card account used for personal, family or household purposes.

10. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by CCB to attempt to collect alleged debts.

12. <u>Exhibit A</u> contains the following text:

> We have been authorized to offer you an opportunity to 'SETTLE your account. However, we must have your payment within the next 20 days.
>
> Total Amount Due: $12,970.80
> Settlement Offer: $7,782.48
>
> To take advantage of this offer, you must return this notice with a payment for the settlement amount in the envelope we have provided.

<u>Exhibit A</u>.

13. The letter purports to offer a settlement of 60% of the total alleged debt.

14. The settlement offers in <u>Exhibit A</u> falsely state or imply that the respective settlement offers are valid only if payment is received "within the next 20 days."

2

15. Upon information and belief, CCB had authority from the creditor to settle consumers' accounts for 60% of the amount owed, or less, at any time.

16. In fact CCB sent an identical settlement offer in a letter on or around January 24, 2017:

> We have been authorized to offer you an opportunity to 'SETTLE your account. However, we must have your payment within the next 20 days.
>
> Total Amount Due: $12,970.80
> Settlement Offer: $7,782.48
>
> To take advantage of this offer, you must return this notice with a payment for the settlement amount in the envelope we have provided.

A copy of the January 24, 2017 letter is attached as Exhibit B.

17. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

18. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

19. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collectors including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

20. Defendant did not use the safe harbor language in Exhibit A.

21. Upon information and belief, the settlement offers in Exhibits A and B would have been honored at any time, regardless of the purported 20 day deadlines.

22. Upon information and belief, the deadlines in Exhibits A and B to respond to the settlement offer are a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

23. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

25. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

26. The unsophisticated consumer would be confused by Exhibits A and B.

27. Plaintiff was confused by Exhibits A and B.

28. Plaintiff had to spend time and money investigating Exhibits A and B, and the consequences of any potential responses to Exhibits A and B.

29. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A and B.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill.

July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. Exhibit A includes false statements to the effect that the settlement offer payment must be received by a specific date.

5

34. Upon information and belief, the creditor and/or CCB would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

35. CCB violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

36. Plaintiffs brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between February 27, 2016 and February 27, 2017, inclusive, (e) that was not returned by the postal service.

37. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

38. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

39. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

41. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

42. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 27, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com